OLD COLONY TRUST COMPANY, trustee, *vs.* MARY L. MOLLESON & others.

Essex.     October 9, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Trust*, Construction of instrument creating trust. *Devise and Legacy*, Life estate, Remainder.

A will set up a trust to pay the income to the testator's children during their lives, and upon the death of a child to pay his share of the principal to his issue or, if he left none, to add his share "to the funds in the hands of" the trustee and hold it "for the same purposes as the other funds in" the trustee's hands, except that if a child died leaving a spouse but no issue, the income of his share should be paid to the

spouse until the latter's remarriage or death. A son died leaving issue, to whom his share of the principal was paid. Another son died leaving a widow but no issue. Later a daughter died unmarried and without issue, which left one child of the testator surviving. *Held*, that the daughter's whole share of the principal should be added to that held by the trustee for the benefit of the surviving child, who would be entitled to the entire income of the share so added to the exclusion of the second son's widow.

PETITION for instructions, filed in the Probate Court for the county of Essex on November 26, 1934.

The case was heard by *Dow*, J. The respondents Mary L. Molleson and Sophie T. Fallon appealed from a decree entered by his order.

Certain paragraphs of John Fallon's will were as follows:

"FOURTH: The residue of said estate shall then be held by my said executors for such of my children as may be living at the decease of my said wife and for the lineal descendants of any child who shall have died before that time, such lineal descendants taking by representation the share to which such deceased child would have been entitled if living; And my said executors shall pay to them severally semiannually or oftener the net income thereof; but said estate or its income shall not be anticipated by assignments or otherwise and shall be free from the interference or control of creditors. The said residue shall be held for my children, except as stated below, until the expiration of their natural lives and for such lineal descendants, if any until they shall severally attain the age of twenty one years or until their deaths respectively before attaining that age.

"FIFTH: If either of my children shall die, leaving no issue but a widow or widower surviving them that share shall still be held and the income thereof shall be paid to such widower or widow until he or she shall remarry or die.

"SIXTH: Upon the termination, as above provided, of the right of such of my children as shall outlive my said wife, the share held for such child shall be transferred to his or her lineal descendants, if any are living. If such child has no lineal descendants living at his or her death, the share of such child shall be added to the funds in the hands

of my executors and held for the same purposes as the other funds in their hands."

*I. W. Sargent*, stated the case.

*J. C. Roy*, for the respondent Mary L. Molleson.

*V. P. Clarke*, for the respondent Sophie T. Fallon.

*W. E. Rowell*, for the respondent Jeannette M. Fallon.

PIERCE, J.   These are appeals from a decree of the Probate Court upon a petition by the trustee under the will of John Fallon for instructions as to the present duty of the trustee in the events which will be described.

The testator died in 1889, leaving a widow and six children, James E. Fallon, Dalton Fallon, John Howard Fallon, Franklin Fallon, Emma E. Fallon and Jeannette M. Fallon. James E. Fallon died in 1911, survived by his widow but without issue.   His widow died in 1917.   Dalton Fallon died in 1916, leaving a widow and a daughter, Mary L. Molleson, one of the respondents in the present case.   After the death of Dalton the then trustees brought a petition in the Probate Court of Essex County for instructions as to the disposition of the shares of James E. Fallon and Dalton Fallon and a decree was made thereon.   Copies of this petition and decree, numbered 125431, are before this court. This decree, in substance, is that the share of James E. Fallon, his wife having died, should go to increase the other shares which became fifths, instead of sixths, and that the fifth of the principal, of which Dalton Fallon would have received the income, if living, should be paid over to Mary L. Molleson.   It is stated in the brief of Jeannette M. Fallon, the sole surviving child, and also in the record, that John Howard Fallon died in 1924, leaving one child, Howard Fallon, who died February 20, 1931.   It is also stated in said brief that the share of the principal of which John Howard Fallon would have received the income, if living, was paid over to his son Howard Fallon.   It is further said in said brief that no question is now raised as to the shares in the trust fund of which James E., Dalton and John Howard Fallon originally received the income.   These positions were not controverted at the hearing before this court or denied in any brief.   They are consistent with, if not re-

quired by, the decree of the Probate Court rendered in case numbered 125431, above referred to, and we shall consider the present petition on that footing.

Franklin Fallon died January 23, 1927, leaving a widow, the respondent Sophie T. Fallon, and no issue. Said Sophie T. Fallon is now entitled under paragraph "Fifth" of the will of John Fallon to receive the share of the income which her husband received. Emma E. Fallon died April 19, 1934, leaving no husband and no issue. The question presented to the court is, What is the disposition now to be made of the share of the trust fund of which Emma E. Fallon received the income? The claimants to some interest in that part of the fund are Jeannette M. Fallon, sole surving child, Sophie T. Fallon in the right of her husband, Mary L. Molleson, daughter of Dalton Fallon, and Joseph Greenleaf Fallon, grandchild of John Howard Fallon. In substance, the Probate Court instructed the present trustee that Sophie T. Fallon "is only entitled to receive the income of that share of the trust fund of which her husband received the income at the time of his death"; and that "Emma E. Fallon having died leaving no husband or issue surviving her the share of the trust fund held for her benefit should now be added to the other funds in the hands of the petitioner and the entire income therefrom paid to Jeannette M. Fallon during her life."

The surviving child, above named, contends that the decree of the Probate Court was correct in law for the following, among other, reasons: The sixth paragraph of the will of John Fallon provides that the share held for a child upon his or her death "shall be transferred to his or her lineal descendants, if any are living"; and she directs attention to the fact that under the decree of the Probate Court above referred to, the daughter of Dalton and the son of John Howard received, and there were withdrawn from the trust funds, Dalton Fallon's and John Howard Fallon's shares of the principal and the trustees no longer held any estate for the benefit of Dalton or of John Howard Fallon, or of the estate of either. She also points out that the said sixth paragraph of the will has a further provision which

reads: "If such child has no lineal descendants living at his or her death, the share of such child shall be added to the funds in the hands of my executors and held for the same purposes as the other funds in their hands," bringing the attention of the court to the fact that such was the procedure in case numbered 125431, and that there is nothing in the will directing that anything shall be added to shares which have already been taken away from the trust by the descendants of the two sons who have died leaving descendants.

The widow of Franklin Fallon contends that, reading together paragraphs Fifth, Sixth and Seventh of the will, it is clear the testator ordered that at the death of his wife his property be divided into as many parts as he had children — issue of any child who died before the testator's wife to take by right of representation — and that a spouse of any deceased child when there were no issue should receive the income for her life just as though she were a living child; that there is in the fifth paragraph a clear intent to have a spouse continue to receive as though she were a living child; and that there is nothing in paragraph Sixth to negative this clear intention. Paragraph Fifth reads: "If either of my children shall die, leaving no issue but a widow or widower surviving them that share shall still be held and the income thereof shall be paid to such widower or widow until he or she shall remarry or die."

As Emma E. Fallon died in the lifetime of one of the children of John Fallon without leaving a husband or lineal descendants living at her death, her share would be added to the funds in the hands of the trustee to hold for the same purposes as the other funds in its hands, and the income derived therefrom would be payable to the only surviving child who retained a right to share in the fund, unless Sophie T. Fallon is to be treated as a child or lineal descendant of Franklin Fallon. We think the will does not show that the testator had such a purpose, and that this is clear from the provision that the trust for her benefit shall determine upon her remarriage. Without further discussion we think the decree was right and should be affirmed.

In the discretion of the Probate Court, costs as between solicitor and client are to be paid by the petitioner out of the principal of the trust fund to Wilbur E. Rowell, administrator of the estate of Emma E. Fallon; to James C. Roy, attorney for Mary L. Molleson; to Foss and Clarke, attorneys for Sophie T. Fallon, and to Wilbur E. Rowell, attorney for Jeannette M. Fallon.

*Ordered accordingly.*